## FOLZ *v.* SHALOW.

*(Common Pleas of New York City and County, General Term.* November 16, 1891.)

TENANCY FROM MONTH TO MONTH—SUFFICIENCY OF NOTICE TO VACATE.

A notice to a monthly tenant to vacate, which contains no warning that, on his failure to do so, summary proceedings to remove him will be instituted, is not a ·substantial compliance with Laws 1882, c. 303, providing that no monthly tenant :shall be removed from lands or tenements in New York city, on the ground of hold- ing over, unless, at least five days before the expiration of his term, he is served with ;notice to the effect that the landlord elects to terminate the tenancy, and that, un- .less he removes on the day his term expires, summary proceedings to remove him ·will be instituted.

Appeal from fourth district court.

Summary proceeding by Adam Folz against Julius Shalow, to remove de- :fendant from the premises of plaintiff on the ground of his holding over .after the expiration of his term as plaintiff's tenant. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Sam. Mullen,* for appellant. *Michael C. Gross,* for respondent.

PER CURIAM. This was a proceeding to remove a monthly tenant for ·holding over after the expiration of his term, such term expiring on a day ⹎other than the 1st of May. The statute (Laws 1882, c. 303) provides "that no monthly tenant shall hereafter be removed from any land or tenement in the city of New York on the ground of holding over his term, (except when the same expires on the 1st day of May,) unless, at least five days before the expiration of the term, the landlord or his agent serves upon the tenant, in ·the same manner in which a summons in summary proceedings is now al- lowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy, and that, unless the tenant remove from said premises on the day on which his term expires, the landlord will institute summary proceedings under the statutes to remove such tenant therefrom." A substantial compliance with this statute is indispensable as a basis of pro- ceedings to remove the tenant. The notice need not be in the exact language ·of the statute, but. it must be, as the statute directs, "to the effect" pre- scribed therein. The notice given by the landlord in this case is as follows: "You are hereby notified to vacate the rooms now occupied by you in house number 341 Fifth street, New York city, on or before October 1, 1891, at 12 ʹo'clock M." While it may be held that this, in effect, notifies the tenant that the landlord elects to terminate his tenancy, there is wholly wanting in it a warning of the legal proceedings of which the statute contemplates that the ·tenant shall have five days' notice. The tenant is entitled by statute to no- tice that, unless he removes from said premises on the day on which his term ·expires, the landlord will commence summary proceedings under the statute to remove such tenant therefrom, and such notice must be contained in the writing served upon the tenant, and is not to be implied from the mere no- tification that he must remove. It is insufficient as a basis of proceedings to remove the tenant, not being a substantial compliance with the act of 1882, .and for that reason we reverse the final order, with costs.